**Sandra M. IRIZARRY, Plaintiff,**

v.

**PALM SPRINGS GENERAL HOSPITAL, Defendant.**

**No. 84–1010–Civ.**

United States District Court, S.D. Florida, Miami Division.

Feb. 25, 1988.

Woodrow Wallen, Miami, Fla., for Irizarry.

Ted H. Bartelstone, Miami, Fla., for Palm Springs General Hosp.

---

MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT PALM SPRINGS GENERAL HOSPITAL

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment. This is an employment discrimination action pursuant to Title VII and 42 U.S.C. sections 1981 & 1982 by a Puerto Rican nurse against a private Florida hospital in which the nurse alleges that she was discharged from employment at the hospital because of her national and racial origin and that she was deprived of housing benefits because of her Puerto Rican husband's national and racial origin.

### Background

The facts of this case are drawn largely from the parties' Joint Pretrial Stipulation of August 14, 1987. On or about October of 1981, representatives of the Defendant, Palm Springs General Hospital (hereinafter referred to as "PSGH") interviewed Plaintiff Sandra Irizarry (hereinafter referred to as "Irizarry") in Puerto Rico for a position as a staff nurse. PSGH interviewed and hired nine other Puerto Rican nurses along with Irizarry. Irizarry, who was born of Puerto Rican parents in New York City and raised in Puerto Rico, flew to the United states on November 6, 1981, and began working for PSGH on November 9, 1981 at an hourly wage of $8.25 as a graduate nurse.

On November 13, 1981, Irizarry executed an employment agreement which provided, *inter alia*, that incident to her employment, "The hospital has permanent housing for you at a monthly rent of $50.00." As an express condition of the employment, however, the agreement provided "This offer is contingent upon satisfactory fulfillment of the requirements of the Florida Board of Nursing." She sat for, but did not pass the Florida Examination for licensing as a Registered Nurse. On or about August 16, 1983, PSGH notified Irizarry and another nurse that their subsidized apartments would no longer be available effective October 31, 1983. Her employ-ment was terminated on or about September 8, 1983.

### Analysis

In Plaintiff's Second Amended Complaint, Irizarry alleges two separate counts; one entitled "Employment Discrimination," the other, "Deprivation of Civil Rights." Although the Complaint was not very artfully drafted, Irizarry appears to allege that she was terminated and otherwise subjected to disparate treatment by PSGH because of her Puerto Rican origin in violation of 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Moreover, although her loss of hospital-subsidized housing would seem to fall within her general allegations of employment discrimination, she asserts that this deprivation was due to the fact that she and her husband, Orlando Irizarry, are both Puerto Rican and that he is extremely dark-skinned, and thus constitutes a discrete offense under 42 U.S.C. § 1982.

The Court is of the opinion, however, that a separate remedy pursuant to section 1982 does not lie. The Court may only conclude that the employment contract was the sole source of Irizarry's right to the subsidized housing as she has neither proffered nor in any way suggested the existence of any lease or other source of the claimed property right. It necessarily follows that the right extended, at the very most, only so long as the employment relationship continued. Irizarry received the notice on August 16, 1983 that she would have to vacate as of October 31, 1983. On September 8, before she had to vacate, however, PSGH terminated her position and concomitantly, any "right" she may have had to hospital housing. Thus, unless her termination were wrongful, the revocation of her housing privilege does not constitute an actionable injury under section 1982.

Thus, an assessment of Irizarry's claim of disparate treatment on the basis of her and her husband's Puerto Rican origin is the key to this summary judgment motion. For the purposes of this discussion, the Court notes that, at least substantively, the analyses of Irizarry's section 1981 claim and her Title VII claim are substantially

the same.[1]  Both causes of action require proof—either inferentially or directly—of discriminatory intent.  *See Scarlett v. Seaboard Coast Line Railroad Co.,* 676 F.2d 1043, 1053 (5th Cir. Unit B 1982).  Significantly, after a two-and-a-half year opportunity to conduct discovery, Irizarry has not been able to offer a crumb of direct proof on this issue.  To the contrary, PSGH has offered the depositions of four of Irizarry's Puerto Rican colleagues who had been hired at the same time as Irizarry and all of whom unequivocally state that they were treated fairly at the hospital and never perceived the slightest anti-Puerto Rican animus or detected any less favorable treatment directed at them because of their ethnic origin.  *See* Depositions of Aldis Feliciano at 14, Ivette Larracuente at 17–18, Norma Santiago at 12 & 18, Silvia Mercado at 12–13 & 19.

Because the Plaintiff clearly has failed to offer any direct proof of discriminatory intent, the Court must determine whether the proof offered by the parties in conjunction with this Motion for Summary Judgment *inferentially* raises a genuine material issue of fact as to the existence of discriminatory intent.  *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  Under the *McDonnell–Burdine* test, a plaintiff can prevail upon a claim of disparate treatment in the employment context by inferentially proving the existence of discriminatory intent.  First, to establish a prima facie case, the Plaintiff must show that he was a member of a protected group; that he was qualified for the position from which he was discharged; that he was in fact discharged; and that he was replaced by a person outside the protected group.  *Pace v. Southern Railway System,* 701 F.2d 1383, 1386 (11th Cir.1983).  If Plaintiff meets the initial burden, the burden shifts to the Defendant to introduce evidence demonstrating a legitimate, non-discriminatory reason for the discharge.  This is an exceedingly light burden.  *Perryman v. Johnson Products Co.,* 698 F.2d 1138, 1142 (11th Cir. 1983).  After Defendant successfully meets this burden, the ultimate burden shifts back to the Plaintiff to demonstrate by sufficient factual proof that the profferred reason for the discharge was either pretextual in nature or that the discharge, more likely than not, was the result of discriminatory intent.  *Id.*

■  Irizarry failed to carry even her initial burden.  First, Irizarry admits that she failed the Florida nursing board examination which was an express condition of the employment agreement upon which Irizarry relies as the source of her right to hospital housing.  Accordingly, Irizarry has not demonstrated that she was qualified for the position.  Moreover, other than by means of conclusory allegations in her affidavit, Irizarry has offered no proof, either admissible or otherwise, that she was replaced by a person not a member of a protected group or that a non-member of equivalent or lesser qualification was retained by the hospital subsequent to her discharge.  Despite the light nature of this initial burden, Plaintiff has failed to offer any proof demonstrating that should this cause go to trial, she will be able to make out even a prima facie case of disparate treatment.  Her own conclusory affidavits are not persuasive.  *EEOC v. Exxon Shipping Co.,* 745 F.2d 967 (5th Cir.1984).  Accordingly, summary judgment should be entered against Irizarry on this basis.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court need not rely solely on Irizarry's failure to carry the initial burden, however, in determining the propriety of summary judgment for the Defendant.  If PSGH has offered adequate proof that it had a legitimate reason for discharging Irizarry, then the initial burden inquiry is irrelevant.  *See Mauter v. Hardy Corp.,* 825 F.2d 1554, 1557 (11th Cir.1987).  It is uncontroverted that hospital policy states that the accrual of three employee repri-

---

**1.**  The Court does not address the viability of a claim of racial discrimination under either sec- tion 1981 or section 1982 by a Puerto Rican plaintiff under these or any other facts.

mands constitutes sufficient grounds for dismissal. PSGH had issued five written reprimands of Irizarry, four of which she signed without any comment or contest, and the fifth of which she offered some explanation above her signature. The grounds for the reprimands were refusal to obey Orders; performing poor work due to willfulness; refusing to aid a patient upon the family's request; and, on the other two occasions, throwing temper tantrums. The Court is of the opinion that PSGH has more than adequately offered the Court a legitimate explanation for its discharge of Irizarry. Accordingly, the burden now devolves upon Irizarry to show either that the proffered reason is pretextual or that discriminatory intent more than likely motivated the discharge.

After a two-and-a-half-year opportunity to conduct discovery, Irizarry offers no admissible proof whatsoever to rebut those charges. Instead, she conclusorily asserts that her unacceptable behavior was due to the fact that she had received an unfairly large amount of work merely because she was Puerto Rican. Irizarry may not rest on her pleadings and her own self-serving affidavits. Rather, as the non-moving party, she had a duty to pierce the pleadings and her own sworn statements and offer admissible proof demonstrating the existence of specific facts showing that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2553. This duty she did not fulfill. Plaintiff's assertion in her Response to Defendant's Motion to Dismiss (sic) that she *will* present evidence as to these reprimands is absurd. The Summary Judgment Motion is before the Court now. The purpose of this procedural test is to save the parties and the judicial system the time and expense of a full trial at which a party will be unable to come forward with substantial proof sufficient to sustain a claim or defense. After two and a half years, Irizarry is no longer in a position to make promises as to evidence she will obtain.

Significantly, then, Plaintiff has to no extent offered any admissible evidence that the hospital's proffered reason for discharging her was pretextual or otherwise unreasonable. Nor has she offered any evidence that discriminatory intent in any was figured into her discharge. Quite to the contrary, she admits that the hospital hired ten Puerto Rican nurses, flew them to the United States at the hospital's expense, and provided subsidized housing for them. Significantly, the hospital consciously engineered and executed a recruitment drive in Puerto Rico—this was not a case in which the hospital was faced with a deluge of applications from local residents of Puerto Rican origin. It defies logic to assert that the same hospital administration that went to considerable expense and effort to recruit a substantial number of Puerto Ricans in Puerto Rico would then subject them to disparate treatment because they were Puerto Rican. Moreover, as noted above, the other Puerto Rican nurses' depositions demonstrate that an anti-Puerto Rican sentiment simply did not exist, but rather, that the Puerto Rican nurses were treated fairly. *See also* Affidavit of Mariam Astrella signed October 14, 1987.

Thus, summary judgment for the Defendant is proper as PSGH has offered substantial evidence that it had a legitimate reason for discharging Irizarry and as Irizarry has in no significant way controverted the Defendant's proof. *See Mauter v. Hardy Corp.*, 825 F.2d 1554, 1557 (11th Cir.1987). The Plaintiff has presented absolutely no evidence of any impermissible discrimination against the Plaintiff in connection with the termination of either her employment, or her housing benefits. Although it is axiomatic that the Court will view evidence in the light most favorable to the non-moving party in the context of a summary judgment motion, this is true only to the extent that a non-moving Plaintiff has actually proferred evidence controverting the moving Defendant's assertion that no material issue of fact exists. The Plaintiff's own affidavit, and the unsubstantiated allegations therein, are insufficient to controvert the Defendant's substantial proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment is GRANTED. The Court further Orders the Defendant to submit a Final Judgment to the Court within 10 days of the date of this Order.