Richard L. WOODBURY, Plaintiff,

v.

SEARS, ROEBUCK & CO., Defendant.

No. 90–807–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 26, 1995.

Kennan George Dandar, Dandar & Dandar, P.A., Tampa, FL, for plaintiff.

Richard L. Woodbury, Tampa, FL, pro se.

Mark A. Hanley, Gregory Alan Hearing, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for defendant.

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment (Docket No. 82) and Plaintiff's Motion for Summary Judgment (Docket No. 84). The underlying cause of action stems from a *pro se* Complaint, filed June 28, 1990, by Plaintiff Richard L. Woodbury (hereinafter "Woodbury"). The Complaint alleges a violation of his civil rights under Title VII, and the case is brought under 42 U.S.C. § 2000e et seq. of the Civil Rights Act of 1964.

Plaintiff alleges that Defendant Sears Roebuck & Co. (hereinafter "Sears") terminated him from employment with Sears due to disparate treatment based on racial discrimination. As Plaintiff is *pro se*, this Court must read and construe Plaintiff's allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubts as to the existence of a genuine issue as to any material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979) (quoting *Gross v. Southern Railway Co.*, 414 F.2d 292 (5th Cir.1969)). Factual disputes generally preclude summary judgment.

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) the Supreme Court of the United States held;

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. The Court also stated: "Rule 56(e) therefore requires that the non-moving party go beyond the pleadings and her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

In an employment discrimination action brought under Title VII, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). In this case, the issue is whether Defendant intentionally discriminated against Plaintiff

on the basis of his race or color in violation of Title VII of the Civil Rights Act of 1964.

## FACTUAL BACKGROUND

Plaintiff began his employment with Defendant on June 17, 1974. Plaintiff was employed with Sears continuously for approximately eleven years, until the date of his discharge on April 24, 1985. Sears avers that it terminated Woodbury's employment on April 24, 1985 for willful misconduct, namely an unauthorized leave of absence, to wit April 22–23, 1985. Plaintiff alleges that he was treated disparately due to his race, specifically African–American, and that this was the basis for his termination.

## DISCUSSION

### I. CONTROLLING LAW

■ In a Title VII discrimination case, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Burdine*, 450 U.S. 248, 101 S.Ct. 1089. In *McDonnell Douglas*, the Supreme Court established a general model by which to establish a *prima facie* case of discriminatory treatment by circumstantial evidence.[1]

■ Under the *McDonnell Douglas* model, Plaintiff must show 1) he was a member of a protected group; 2) an adverse employment action took place; 3) he and a similarly situated non-protected person received dissimilar treatment; and 4) sufficient evidence, either direct or circumstantial, exists to infer a nexus or causal connection between race and the disparate treatment. Also see *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181 (11th Cir. 1984); *McKeon v. Vaicaitis, Schorr, Richards, et al.*, 785 F.Supp. 965 (M.D.Fla.1992).

■ However, whether or not plaintiff established a *prima facie* case is irrelevant once the employer comes forward with a legitimate, non-discriminatory reason for the adverse action taken. *United States Postal Board of Governors v. Aikens*, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983), *Pugh v. Heinrich*, 695 F.Supp. 533 (M.D.Fla.1988). "At that point, the only relevant inquiry is the ultimate factual issue of intentional discrimination." *Id.;* also see *Green v. School Board of Hillsborough County, Florida*, 25 F.3d 974 (11th Cir.1994). Construing the pro-se Plaintiff's pleadings liberally, and in light of Sears coming forward with legitimate, non-discriminatory reasons for termination, this Court finds that Plaintiff, Woodbury, has established a prima facie case.

### II. SEARS' STATED REASONS FOR TERMINATION

■ Once plaintiff meets the threshold requirement of establishing a prima facie case, the burden shifts to the employer to come forward with a legitimate, non-discriminatory reason for the adverse action taken. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. In general, the employer has an "exceedingly light burden" in setting forth legitimate, non-discriminatory reasons for termination. *Perryman v. Johnson Products Co.*, 698 F.2d 1138, 1142 (11th Cir.1983). In satisfying its burden, Sears has come forward with the following reasons for terminating Woodbury's employment:

### A. UNAUTHORIZED LEAVE OF ABSENCE FROM APRIL 22–APRIL 23, 1985

Sears alleges that Woodbury requested a three-week vacation on April 15, 1985 so as to attend to various personal matters, including the death of his son. Since no prior notice was given, and other employees were also scheduled for vacation, Sears states that Woodbury was granted a one-week vacation, and was instructed to return to work on April 22, 1985.

Sears alleges that Woodbury inquired as to the effect of failing to return to work on April 22, 1985, to which he was told such

---

1. While a *prima facie* case of discrimination may be established by direct evidence, to date, Plaintiff has neither alleged nor put forth any direct evidence of discrimination. *Buckley v. Hospital Corp. of America, Inc.*, 758 F.2d 1525 (11th Cir. 1985).

action would be considered a voluntary resignation or reason for termination. The events surrounding this incident were memorialized in a written memorandum dated May 8, 1985 (hereinafter "Memo") and signed by Mr. David W. Holt.

Plaintiff called in sick to work on April 22, 1985, and completely failed to report to work on April 23, 1985. When Plaintiff reported to work on April 24, 1985, his employment with Sears was terminated by the store manager, Mr. David W. Holt for willful misconduct, an unauthorized leave of absence on April 22 and April 23, 1985.

■ This Court finds that an unauthorized leave of absence, absent a showing of intentional or pretextual discrimination, is a legitimate, non-discriminatory reason for terminating Woodbury's employment on April 24, 1985.

## B. PRIOR WORK PERFORMANCE

In making the adverse employment decision, Sears also considered prior occasions where Woodbury's work performance was considered unacceptable. Specifically, Sears alleges that Plaintiff had been disciplined on several prior occasions regarding insubordination and unauthorized absences from work. (See Affidavits of Michael Suarez, Mabry Eugene Gullett and David W. Holt).

However, Defendant concedes that, "because of the long delay in serving Defendant, Defendant has been unable, despite a diligent search, to locate the employment records of the Plaintiff. Moreover, all the individuals involved in the employment decision have long since left Sears." (Docket No. 83, Pg. 3, fn. 4).

■ Woodbury admits to being counseled at least once in the past for insubordination. (Docket No. 84, pg. 2, para. 2(a)). Based on same, this Court finds that prior incidents of inadequate work performance and/or incidents of insubordination, absent a showing of intentional or pretextual discrimination, is a legitimate, non-discriminatory reason for terminating Woodbury's employment on April 24, 1985.

## C. WOODBURY'S ARREST AT SEARS

In addition, Sears considered an incident in which Woodbury was arrested at work. Specifically, Woodbury was arrested at Sears on April 11, 1985 by a Hillsborough County Sheriff's Deputy on a Contempt of Court Charge for failing to pay child support. (see Memo). This fact is uncontroverted by Woodbury. However, Plaintiff alleges that the arrest was a result of Sears failing to submit child support payments pursuant to an Income Deduction Order.

■ However, Plaintiff does not allege that Sears' alleged failure to comply was racially motivated. There is no evidence to show that there was an Income Deduction Order, that Sears failed to comply with it, or that any alleged failure was racially motivated. Absent any evidence to the contrary, this Court finds that Woodbury's arrest at Sears on a day he was normally scheduled to work could cause a disruption in his work which, absent a showing of intentional or pretextual discrimination, is a legitimate, non-discriminatory reason for terminating Woodbury's employment on April 24, 1985.

## D. CONCLUSION REGARDING SEARS' STATED REASONS FOR TERMINATION

This Court finds that, even viewing the evidence in the light most favorable to the non-moving party, Sears has shown legitimate, non-discriminatory reasons for the adverse employment action taken; 1) an unauthorized leave of absence from April 22–23, 1985; 2) at least one prior instance where Woodbury was counselled regarding work performance for insubordination; and 3) Woodbury's arrest at Sears.

This Court is satisfied that Sears has met its legal burden by setting forth legitimate, non-discriminatory reasons for terminating Woodbury's employment on April 24, 1985.

## III. WOODBURY'S ULTIMATE BURDEN

■ Once an employer carries its burden by showing a legitimate, non-discriminatory reason for the adverse action taken, the ultimate burden shifts back to plaintiff to dem-

onstrate, by a preponderance of the evidence, sufficient factual proof that the proffered reason for the discharge was merely pretextual and that the discharge was more likely than not motivated by discriminatory intent. *McDonnell Douglas,* 411 U.S. 792, 93 S.Ct. 1817; *Perryman v. Johnson Products Co.,* 698 F.2d 1138, 1142 (11th Cir.1983); also see *Irizarry v. Palm Springs General Hospital,* 680 F.Supp. 1528 (S.D.Fla.1988).

To resist summary judgment, even as the non-moving party, the plaintiff "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Electrical Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Basically, one may not "merely rest on the laurels of her prima facie case." *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590 (11th Cir.1987). Rather, "because the plaintiff bears the burden of establishing pretext, he must present 'significantly probative' evidence on the issue to avoid summary judgment." *Young v. General Foods Corp.,* 840 F.2d 825, 829 (11th Cir.1988) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

"Mere conclusory allegations of discrimination, without more, are insufficient to defeat a motion for summary judgment. *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 597 (11th Cir.1987); *McKeon v. Vaicaitis, Schorr, Richards, et al.,* 785 F.Supp. 965 (M.D.Fla.1992). As well, a plaintiff's subjective opinion that the defendant's action was discriminatory, without supportive evidence, is not sufficient to establish pretext to avoid summary judgment. *Carter v. City of Miami,* 870 F.2d 578, 585 (11th Cir.1985). As such, summary judgment will be appropriate in a discrimination case where plaintiff fails to set forth specific evidence or facts showing a genuine issue exists as to whether an employer's articulated reason is pre-textual. *Mauter v. Hardy, Corp.,* 825 F.2d 1554 (11th Cir.1987); *Pugh v. Heinrich,* 695 F.Supp. 533 (M.D.Fla.1988).

Even viewing the evidence in the light most favorable to the non-moving party, Woodbury, as well as construing the pleadings and evidence in the most liberal fashion afforded a *pro se* plaintiff, Woodbury has clearly failed to meet his legal burden of showing pretext or that discriminatory intent was the motivating factor behind the termination of his employment on April 24, 1985.

Plaintiff alleges that he has been racially discriminated against in the workplace in violation of Title VII, but has come forward with no evidence, other than bare allegations of discrimination, to satisfy his burden of showing pretext or intent to discriminate. In the absence of such evidence, Plaintiff seeks to have this Court review Sears' employment decision under the guise of racial discrimination.

The Eleventh Circuit has held that this Court does not sit "as a super-personnel department that re-examines an entity's business decisions." *Alphin v. Sears–Roebuck and Co.,* 940 F.2d 1497, 1501 (11th Cir.1991). As well, Title VII is not meant to be a shield against harsh treatment at the workplace and does not take away an employer's right to interpret its rules as it so chooses, and to make determinations as it sees fit under these rules." *Nix v. WLCY Radio,* 738 F.2d 1181, 1187 (11th Cir.1984).

"The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Id.* Even if the underlying reason for terminating Plaintiff were untrue, or based on erroneous facts, absent a showing of discrimination, the employment decision is protected under Title VII.

The primary reason for Woodbury's termination is punishable by same. It is undisputed that Plaintiff did not report to work on April 22 or 23, 1985, and that the store manager, Mr. Holt considered that an unauthorized leave of absence and willful misconduct. Though the termination occurred on April 24, 1985, and this case was filed in the Middle District of Florida on June 28, 1990, Plaintiff has come forward with absolutely no evidence to support his burden of showing intentional discrimination. Plaintiff argues that his termination was racially motivated,

and that other non-protected employees were treated disparately. Specifically, that those other non-protected employees violated the same work-rule and were not discharged. *Nix v. WLCY Radio*, 738 F.2d 1181 (11th Cir.1984).

Plaintiff has come forward with no other *names* or *evidence* concerning possible disparate treatment of other non-protected employees, other than those originally provided the Equal Employment Opportunity Commission (EEOC). The EEOC's determination, after investigation, found the following:

> The evidence further reveals that the Charging Party was allowed to take leave due to a family emergency and that he was directed to return to work on April 22, 1985. The evidence indicates that the Charging Party failed to report for work until April 24, 1985. The Charging Party's contention that other white employees had received more favorable treatment could not be supported by the evidence obtained. Moreover, the evidence does not indicate that the Charging Party was harassed as he had alleged.
>
> .    .    .    .    .
>
> A review of the Respondent's discharge activity has revealed that a white employee had also been discharged for willful misconduct. (EEOC Determination dated May 30, 1989.)

The Eleventh Circuit has held that a no-cause finding is relevant evidence to a claim of discrimination. *Barfield v. Orange County*, 911 F.2d 644, 650–651 (11th Cir.1990).

Over the long history of this case, Plaintiff has not gone so far as to supply this Court with a sworn affidavit. Further, it appears that Plaintiff failed to complete his deposition scheduled for November 21, 1994 by leaving abruptly during the course of same. (Docket No. 83, fn. 3). Later the deposition was completed, and the Court has considered the deposition.

In sum, there is no legal evidentiary basis upon which to show pretext, intentional discrimination or disparate treatment, other than bare allegations and unsupported legal conclusions. "Mere conclusory allegations of discrimination, without more, are insufficient to defeat a motion for summary judgment. *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir.1987); *McKeon v. Vaicaitis, Schorr, Richards, et al.*, 785 F.Supp. 965 (M.D.Fla.1992). A plaintiff's subjective opinion that the defendant's action was discriminatory, without supportive evidence, is not sufficient to establish pretext to avoid summary judgment. *Carter v. City of Miami*, 870 F.2d 578, 585 (11th Cir.1985).

## CONCLUSION

Upon due consideration of the affidavits, pleadings and Plaintiff's deposition, the Court finds that no genuine issue as to any material fact exists to preclude summary judgment. Plaintiff has presented no evidence to sustain his legal burden of showing Sears discriminated against him in connection with his termination, aside from bare conclusory allegations of discrimination, which, without more, are insufficient to defeat a motion for summary judgment. *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir.1987); *McKeon v. Vaicaitis, Schorr, Richards, et al.*, 785 F.Supp. 965 (M.D.Fla.1992).

Although this Court must view the evidence in the light most favorable to the non-moving party, that is only true to the extent that the non-moving party has actually proffered evidence controverting Defendant's assertion that no issue of material fact exists. See *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In order to defeat a motion for summary judgment, Plaintiff must go beyond the pleadings and by affidavits, depositions, or other evidence designate specific facts showing a genuine issue for trial exists. *Celotex*, 477 U.S. 317, 106 S.Ct. 2548. In this case, Plaintiff's unsubstantiated allegations of discrimination are legally insufficient to controvert Defendant's proof of legitimate, non-discriminatory reasons for termination. This Court finds that Plaintiff has failed meet his legal burden of showing disparate treatment or racial discrimination in violation of Title VII pursuant to 42 U.S.C. Sec. 2000e et seq. Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 82) is **granted.** It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 84) is **denied.** It is further

ORDERED that the Clerk of District Court shall enter judgment on behalf of the Defendant as to Plaintiff's claim pursuant to 42 U.S.C. Sec. 2000e et seq.

**DONE and ORDERED.**